**Zef MARTINI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 05–2440.**

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Sam Gjoni, New York, New York., for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Kathleen L. Midian, Assistant United States Attorney, Cleveland, Ohio., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Zef Martini, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision directly where, as here, the BIA issues a short decision that primarily adopts and affirms the IJ's opinion. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales*, 331 F.3d at 306–13; *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ Substantial evidence supports the IJ's finding that Martini failed to meet his burden of proof. He failed to demonstrate past persecution because he was never arrested, detained, or physically harmed, and he made only vague allegations of ethnic discrimination and harassment. His brother-in-law was beaten by the Serb police once, but this incident had limited probative value when the brother-in-law was a much more prominent KLA figure than Martini. Even in the aggregate, the IJ found, correctly, that these experiences did not rise to the level of persecution, an "extreme concept that does not include every sort of treatment our society regards as offensive." *Ai Feng Yuan v. United States Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005). Discrimination and harassment, "not rising to the level of sufficiently extreme action, such as violence and physical abuse, [do] not constitute persecution." *Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir.2005) (citing *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004)).

■ Because Martini failed to demonstrate past persecution, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, he could not establish a well-founded fear independently. His claim of a subjective fear rested primarily on his father's murder in 2000, but this incident did not help substantiate his fear of ethnic persecution from the Serbs when he had no evidence of the identity or the motivation of the killer. Additionally, his claim before this Court that the killers were Albanian nationalists, seeking vengeance because he deserted the KLA, is speculative and unsupported by the record.

Martini's claim turned largely on whether his fear of persecution was objectively reasonable in light of current conditions in Kosovo, and he failed to establish this element. Conditions for ethnic Albanians were brutal around 1998 and 1999, but had changed dramatically since then. The war was over, and Kosovo was now adminis-

tered by UN and NATO forces; arbitrary violence continued, but had decreased significantly. Moreover, Martini admitted that the majority of Kosovo's population was Albanian, and that the Serbs now feared more violence from the Albanians than vice versa. He produced no evidence to suggest that his continuing fear of persecution from the Serbs was objectively reasonable, and he never claimed below, as he does now, that he feared persecution from fellow Albanians.

Martini did not challenge the IJ's denial of CAT relief in his brief before this Court, and therefore this claim is deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).